IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GILBERT ARCANGEL, *et al.*, | * |
| Plaintiffs, | * |
| v. | *      Civil Action No. PX-18-2313 |
| HUNTINGTON ATLANTIC HOTELS, LLC, *et al.*, | * |
| Defendants. | * |

\*\*\*\*\*\*

**MEMORANDUM OPINION**

Pending before the Court is Plaintiffs Gilbert and Marygrace Arcangel's motion to remand this case to the Circuit Court for Montgomery County. ECF No. 9. Defendants Silver Spring HHG Hotel Associates, LLC, and Silver Spring HHG Hotel, Inc. oppose the motion. ECF No. 13. The Court now rules because no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the parties' briefing and the evidence in the record, the Court DENIES the motion.

**I.  Background**

On July 21, 2017, the Arcangels checked into Room 807 in the Courtyard by Marriott Hotel in Silver Spring, Maryland. ECF No. 1-3, ¶¶2, 7. Plaintiffs aver that over the next two days, they noticed irritating bites on their bodies, and asked to be transferred to a different room. *Id.* ¶8. Mr. Arcangel alleges he then returned to Room 807, where he saw multiple live bed bugs crawling on top of the sheets. *Id.* ¶9. The hotel called a pest control company, Ecolab, which confirmed that Room 807 was infested with bed bugs. *Id.*

On February 14, 2018, Plaintiffs filed suit in the Circuit Court for Montgomery County, alleging that Defendant Huntington Atlantic Hotels, LLC had negligently breached a duty of care

1

by placing Plaintiffs in a room with a pre-existing bed bug infestation (Count I) and had violated the Maryland Consumer Protection Act ("MCPA") by impliedly representing that Room 807 was fit for lodging and omitting disclosure of the bed bug infestation (Count II). ECF No. 1-2. Plaintiffs each requested $75,000 in compensatory damages as to the negligence claim in Count I, and $75,000 in compensatory damages plus attorneys' fees and other costs as to the MCPA claim in Count II. *Id.*

On June 18, 2018, Plaintiffs amended the Complaint to include Defendants Silver Spring HHG Hotel Associates, LLC, Silver Spring HHG Hotel, Inc., ("the Silver Spring Defendants") and Ecolab Inc., the pest control contractor. ECF No. 1-3. Plaintiffs also added a separate claim of negligence against Ecolab, averring that Ecolab owed Plaintiffs a duty to exercise reasonable care while performing bed bug inspection and extermination services (Count III). *Id.* ¶57-61. On July 27, 2018, the Silver Spring Defendants noted removal to this Court under 28 U.S.C. §§ 1332, 1441, 1446, and District of Maryland Local Rule 103.5(a), to which Defendants Huntington Atlantic Hotels, LLC and Ecolab Inc. consented. ECF No. 1-12. Plaintiffs timely moved to remand, ECF No. 9, which the Silver Spring Defendants oppose. ECF No. 13.

**II.     Standard of Review**

Because federal courts are courts of limited jurisdiction, we presume "that a cause lies outside this limited jurisdiction . . . and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Barbour v. Int'l Union*, 640 F.3d 599, 605 (4th Cir. 2011) (*en banc*), *abrogated on other grounds by* 28 U.S.C. § 1446(b)(2)(B) (quoting *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)). Federal courts construe removal statutes strictly due to the "significant federalism concerns" implicated, and resolve all doubts in

favor of remand. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citation omitted).

**III.     Analysis**

The Arcangels argue that remand is necessary because the amount in controversy does not exceed $75,000, and so the Court lacks diversity jurisdiction.[1] The Arcangels more particularly contend that they seek one recovery based on two theories of liability: negligence and violations of the MCPA.  As a result, Plaintiffs contend, the claimed damages for each count of $75,000 represents the total maximum allowable recovery.

"In most cases, the 'sum claimed by the plaintiff controls' the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).  Even if no single count exceeds the jurisdictional threshold, if the aggregate amount is in excess of $75,000, "jurisdiction exists for each count." *Griffin v. Red Run Lodge, Inc.*, 610 F.2d 1198, 1204 (4th Cir. 1979).

The Complaint includes three *ad damnum* clauses.  First, the Arcangels each request $75,000 "in compensatory damages, together with court costs, and any such other and further relief as this Court deems necessary, just, and proper" for negligence by the hotel operators. ECF 1-3 at 13.  Second, for the MCPA claim against the hotel operators, Plaintiffs each request $75,000 "in compensatory damages, including reasonable attorney's fees pursuant to Md. Code Ann., Comm. Law, § 13-408(b), and [c]ourt costs, and such other and further relief as this Court deems necessary, just, and proper, all of which not to exceed the sum of $75,000." *Id.* at 15. Finally, Plaintiffs each request $75,000 for negligence by Ecolab "in compensatory damages, together with court costs, and such other and further relief as this Court deems necessary, just, and proper." *Id.* at 16.

---

[1] Plaintiffs do not dispute complete diversity of citizenship exists. *See* ECF No. 13 n.1.

3

The Silver Spring Defendants, opposing remand, argue that these claims are properly aggregated (or added together), such that Plaintiffs are in fact requesting damages that are several times more than the jurisdictional threshold. The Arcangels counter that because the Amended Complaint offers two different legal theories to capture one harm, $75,000 represents the total amount of recoverable damages. The Court agrees with the Defendants and begins its analysis with the claims as pleaded.

The Complaint pleads both common law negligence and violations of the MCPA. Each are separate causes of action designed to address different harms. "In Maryland, to succeed on a negligence claim, a plaintiff must prove four well-established elements: (1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of the duty." *Washington Metro. Area Transit Auth. v. Seymour*, 387 Md. 217, 223 (2005) (citation and internal quotation marks omitted). "To state a claim under the MCPA, Plaintiff[s] must allege: "(1) an unfair or deceptive practice or misrepresentation that (2) is relied upon, and (3) causes [them] actual injury." *Pruitt v. Alba Law Grp.*, P.A., No. DKC 15-0458, 2015 WL 5032014, at *9 (D. Md. Aug. 24, 2015). Accordingly, where negligence claims seek to compensate Plaintiffs for damages proximately caused by a breach of a duty owed to them, an MCPA claim seeks redress for Plaintiffs' injuries caused by reliance on Defendants' misleading or deceptive statements or omissions.

Consequently, the "one harm, one recovery" rule is not applicable here. The one harm one recovery rule prohibits recovering twice for the same misconduct and where "the damages claimed are related and duplicative." *Haley v. Corcoran*, No. WDQ 09-1338, 2010 WL 4117267, at *8 (D. Md. Oct. 20, 2010), r*eport and recommendation adopted* (Nov. 12, 2010),

*report and recommendation adopted*, No. WDQ-09-1338, 2010 WL 11549758 (D. Md. Nov. 15, 2010). But Plaintiffs have pled at least three distinct offenses; the first, sounding in negligence, alleges breach of duty of care by placing Plaintiffs in a room with a preexisting bed bug infestation. The second, the MCPA violation, stems from Defendants impliedly representing that Room 807 was free from infestation when Defendants knew or should have known it was not. The third, also sounding in negligence, alleges a breach of duty by the pest control company in detecting and eradicating bed bugs. Because the three claims are based on different conduct causing different harms, each of the *ad damnum* clauses must be added to capture the total damages sought. *See, e.g., Baron v. Directv, LLC*, No. JKB-16-3145, 2016 WL 6078263, at *1 (D. Md. Oct. 17, 2016) (aggregating *ad damnum* clauses to find a substantial amount in controversy when Plaintiff had alleged conversion, violation of the Maryland Consumer Debt Collection Act, violation of the MCPA, fraud, and restitution – unjust enrichment). Put differently, if Plaintiffs prevailed on both negligence claims and the MCPA claim, they could recover full damages on each count precisely because the three counts offer different theories of recovery. *See Johnson v. Xerox Educ. Sols. LLC,* No. GJH-14-CV-15422, 2014 WL 5361302, at *5 (D. Md. Oct. 20, 2014). When aggregated, the *ad damnum* clauses for these three counts exceed the $ 75,000 threshold.

     A final word as to the damages pleaded. Although Plaintiffs now claim that they did not intend for damages to exceed $75,000, the Amended Complaint, filed pursuant to the Maryland Rules, demonstrates otherwise. Maryland Rule 2-305 requires that "a demand for a money judgment that does not exceed $75,000 shall include the amount of damages sought." *Osia v. Rent-a-Ctr., Inc.*, No. DKC 15-1200, 2015 WL 3932416, at *3 (D. Md. June 25, 2015) The purpose of this Rule is to ascertain a "specific dollar amount" which is "relevant to determining

whether the amount is sufficient for circuit court jurisdiction or a jury trial." *Id* (quoting Md. Rule 2-305, committee note). Accordingly, if Plaintiffs intended to cabin damages not to exceed $75,000, they should have itemized their damages. *See Baron*, 2016 WL 6078263, at *2. This Plaintiffs did not do. The Court's diversity jurisdiction is proper.

**IV.     Conclusion**

For the foregoing reasons, Plaintiffs' motion to remand is DENIED. A separate Order follows.

11/9/2018 _____                                         /S/
Date                                                        Paula Xinis
                                                            United States District Judge